# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**CHRISTIAN NORMAN DEBRO ROBINSON,**

    **Petitioner,**

**v.**                    **Civil Action No. 2:10cv64**
                       **(Judge Maxwell)**

**JAMES N. CROSS, Warden,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I. Procedural History

On May 10, 2010, the *pro se* petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. In his petition, the petitioner, an inmate at the Hazelton Penitentiary in Bruceton Mills, West Virginia, asserts that he is "actually innocent of the charge of which he stands convicted/upon the sentencing statute upon which he was sentenced (enhanced) under." (Dckt. 1 at 4) More specifically, he asserts that his sentence was enhanced pursuant to a state charge of attempted murder for which he was later found not guilty. Id. at 5.

### II. Analysis

In the petition, the petitioner attacks the validity of his sentence rather than the means of execution. The petitioner HAS applied for relief under 28 U.S.C. § 2255 in the sentencing Court. (Dckt. 17 at Ex. 7). The petitioners' § 2255 motion was denied, as was a subsequent motion for relief under rule 60(b) of the Federal Rules of Civil Procedure. Id. at 3-4. Thus, it is clear that the petitioner now seeks relief in this Court under § 2241 because filing a motion under § 2255 in the sentencing court would be barred as a successive petition. See 28 U.S.C. § 2255. However, under these circumstances, a petitioner is expressly precluded by § 2255 from pursuing any remedies under § 2241. Section 2255 states that an application such as this one "shall not be entertained if it appears

that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court denied him relief . . . "

The petitioner seeks to avoid the preclusive effect of that prohibition by invoking the "savings clause" in § 2255 which permits relief to be sought under § 2241 if it "appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the applicant's] detention."  The law is clearly developed, however, that merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate or ineffective. In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997). Further, the Fourth Circuit has examined the prerequisites for finding that § 2255 is an inadequate or ineffective remedy.  In the case of In re Jones, 226 F.3d 328 (4th Cir. 2000), the court concluded that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d at 333-34.

Upon a review of the petition, the undersigned finds that the claims raised in the petition should have been raised on appeal or in the petitioner's § 2255 motion.  Moreover, there is nothing in the petitioner's § 2241 petition which demonstrates that he meets the Jones requirements. Consequently, he has not demonstrated that § 2255 is an inadequate or ineffective remedy, and he

2

has improperly filed a § 2241 petition.[1]

### III. Recommendation

For the reasons stated, the undersigned recommends that the respondent's Motion to Dismiss, or Alternatively, Motion for Summary Judgment (dckt. 16) be GRANTED, and the petitioner's § 2241 petition (dckt. 1) be **DENIED** and **DISMISSED WITH PREJUDICE** from the active docket of this Court.

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: September 30th, 2010.

DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE

---

[1] Because § 2241 is not the proper avenue for the petitioner to make this challenge to his sentence, the Court declines to address the respondent's argument on the merits of the petitioner's claim.

3