IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**CHRISTIAN NORMAN DEBRO ROBINSON,**

    **Petitioner,**

**v.**                                                              **Civil Action No. 2:10cv64**

**JAMES N. CROSS, Warden,**

    **Respondent.**

## ORDER

On September 30, 2010, Magistrate Judge David J. Joel filed his Report and Recommendation ("R&R") [Doc. 24], wherein the parties were directed, in accordance with 28 U.S.C. § 636(b)(1), to file with the Clerk of Court any written objections within fourteen (14) days after being served with a copy of the R&R. Petitioner filed his objections on October 18, 2010. See Doc. 26.

Upon examination of the report from the Magistrate Judge, it appears to this Court that the issues raised by the petitioner's Application for Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, wherein petitioner attempts to attack the validity of his sentence, and the respondent's Motion to Dismiss or for Summary Judgment, were thoroughly considered by Magistrate Judge Joel in his R&R. The Magistrate Judge has recommended dismissal of the petition as the filing of a § 2241 petition is not the proper avenue to attack the validity of a sentence, and petitioner has failed to meet the requirements of any exception to that. Upon review of the petitioner's objections, this Court finds that the petitioner has not raised any issues that were not already throughly considered and addressed by the Magistrate Judge in his R&R.

More particularly, construing the petitioner's objections liberally, it appears that he is arguing that a § 2241 petition is appropriate because he is actually innocent. Petitioner pled guilty of the offense of possession of a firearm after conviction of domestic violence. However, it appears that the petitioner is arguing that his sentence was wrongly enhanced for the offense of attempted murder, not that he was actually innocent of the convicted crime of possession of a firearm after conviction of a crime of domestic violence. Therefore, the petitioner is merely attacking his sentence, not asserting actual innocence of his crime of conviction. Accordingly, the petitioner's objections are overruled.

Moreover, this Court, upon an independent *de novo* consideration of all matters now before it, is of the opinion that the R&R accurately reflects the law applicable in this case. Therefore, it is

**ORDERED** that Magistrate Judge Joel's R&R (Doc. 24) be, and the same hereby is, **ADOPTED**. Accordingly, it is

**ORDERED** that Respondent's Motion to Dismiss or in the Alternative for Summary Judgment (Doc. 16) shall be, and the same hereby is, **GRANTED**. It is further

**ORDERED** that the petitioner's § 2241 petition (Doc. 1) shall be, and the same hereby is, **DENIED** and **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that the Clerk shall enter judgment for the Respondent. It is further

**ORDERED** that the above-styled action shall be **STRICKEN** from the docket of this Court.

Finally, this Court notes that under the controlling authority, a certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). In order to satisfy this standard, the petitioner must

demonstrate that reasonable jurists would find any assessment of the constitutional claims or dispositive procedural rulings made by the Court wrong or debatable. **Miller-El v. Cockrell**, 537 U.S. 322, 336-38 (2003); **Slack v. McDaniel**, 529 U.S. 473, 484 (2000); **Rose v. Lee**, 252 F.3d 676, 683-84 (4th Cir. 2001). After an independent review of the record, it is clear that the petitioner has failed to make the requisite showing of the denial of a constitutional right. Accordingly, this Court is of the opinion that a Application for Certificate of Appealability must be denied.

The Clerk of Court is directed to transmit a copy of this Order to all parties appearing herein.

**DATED:** November 4, 2010.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE